JUSTICE HUTCHINSON, dissenting: Illinois law is well settled that “[u]nless a duty is owed, there is no negligence.” American National Bank & Trust Co. of Chicago v. National Advertising Co., 149 Ill. 2d 14, 26 (1992). Unless and until the majority can unequivocally hold that defendants had a duty, as a matter of law, to perform the unbargained-for, extracontractual tasks of investigating and designing an improved median barrier, there is no negligence, no need for the majority to discuss whether defendants were in breach for failing to perform those tasks, and no need to reverse the judgment of the trial court. The existence of a duty is a question of law for the court to decide. National Advertising Co., 149 Ill. 2d at 26. And unless and until the majority can expressly hold that defendants had such a duty, its only option is to avail itself of a convoluted legal analysis interpreting the contract’s standard-of-care provision to require defendants to perform the unbargained-for tasks of investigating and improving the median barrier. Despite its continued state of denial, the effect of the majority’s decision places a duty on defendants to perform the unbargained-for, extracontractual task of improving the median barrier. In its supplemental opinion, the majority states that “there is at least a factual question as to whether defendants owed a duty to investigate an improved median barrier.” 398 Ill. App. 3d at 558. Without stating that a duty exists, the majority skips ahead to the element of breach and wonders whether defendants might have breached their duty to replace the bridge deck by not contemplating and designing a Jersey barrier even though, as the majority clearly stated, the only contractual task defendants were obligated to perform was to provide designs to restore the bridge deck to its former condition. The majority quasi-resolves the element of duty by relying on Ramisch’s affidavit, which indicated that an engineer acting within the contract’s standard of care would have gone beyond the terms of its contract and considered and designed a Jersey barrier. To state what should be obvious, the majority’s supplemental opinion only further highlights the irrelevancy of Ramisch’s affidavit at this stage in the proceeding. The “essence” of Ramisch’s affidavit is that a professional engineer laboring under the duty to provide designs to replace the bridge deck would have performed tasks beyond the terms of its contract, i.e., investigating and improving the median barrier. However, Ramisch’s affidavit does not offer any indication as to whether defendants failed to complete their contractual task of providing designs to replace the bridge deck with the degree of skill and diligence normally employed by a professional engineer. If anything, Ramisch’s affidavit is contradicted by the conduct of the parties— which the majority conveniently ignores — because WDC did not require defendants to reperform any work that did not meet the standard of care despite having the contractual authority to do so. Rather, Ramisch’s affidavit indicates only that a professional engineer would have gone beyond the terms of its contract and investigated and improved the median barrier, despite not being contractually obligated to do so. The factual question of whether a professional engineer would have gone beyond the terms of its contract and performed the unbargained-for tasks of investigating and designing an improved median barrier bears no significance to the question of whether defendants had a duty, as a matter of law, to perform those tasks in the first place. Of course, had the majority expressly held that defendants had a duty to perform tasks that extended beyond the terms of its contract with WDC, its holding would have directly disregarded our supreme court’s holding in Ferentchak. See Ferentchak, 105 Ill. 2d at 482-83. As I discussed in my dissent, the majority attempts to distinguish Ferentchak by relying on the “essence” of that opinion while ignoring the actual holding, and in an unfathomable manner, it purports to find support for its holding in Billman without bothering to address the distinction between a general contractor who follows plans and an engineer who creates designs — a distinction our supreme court has repeatedly emphasized. See Marshall, 222 Ill. 2d at 433; Hunt, 74 Ill. 2d at 209. Finally, in its supplemental opinion, the majority accuses defendants of engaging in “fit[s] of hyperbole” in their petition for rehearing. 398 Ill. App. 3d at 558. I disagree with such an accusation. The petition is merely following the majority’s illogical holding to exemplify the chilling effect it will have on contracting parties. Again, after concluding that the only task defendants were contractually obligated to perform was to provide final designs to restore the bridge deck to its previous condition, with the degree of skill and diligence normally employed by a professional engineer, the majority holds that there is a question of fact as to whether defendants breached that duty because they did not perform the unbargained-for, extracontractual task of investigating and improving the median barrier. Applying this rationale, it is conceivable that a court may conclude that, if an engineer contracted to design a replacement for a light bulb switch with the degree of skill and diligence normally employed by a professional engineer, there could be a question of fact whether the engineer breached that duty by failing to review, analyze, and redesign the entire building even though the engineer was not under a contractual obligation to perform those tasks. This point raised in the petition mirrors the one I raised in my dissent, i.e., pursuant to the majority’s opinion, contractual obligations and duties and potential liabilities thereunder can be rewritten by a court decades after a contract was entered into. As a result, the majority’s opinion will have a chilling effect on potential contracting parties’ willingness to enter into contracts. In sum, I continue to respectfully dissent because the majority’s opinion disregards binding authority. Also, because I believe defendants raise valid points in their petition for rehearing, I would grant their petition.